IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WARREN FAHEY, JR., )<br>       Plaintiff,                    )<br>                                          )<br>v.                                      )<br>                                          )<br>PUBLIC DEFENDER'S OFFICE OF )<br>ERIE COUNTY, PENNSYLVANIA, et al.,)<br>       Defendant.               ) | Civil Action No. 14-295 Erie<br><br><br><br><br>Magistrate Judge Baxter |

## MEMORANDUM OPINION AND ORDER[1]

**M.J. Susan Paradise Baxter**

### *Procedural History*

This action will be dismissed as legally frivolous in accordance with 28 U.S.C. §1915(e) and the motion for leave to proceed *in forma pauperis* [ECF No. 1] will be granted.

On November 26, 2014, Plaintiff filed the instant action. At the time of the filing of the complaint, Plaintiff filed a motion for leave to proceed *in forma pauperis*, along with his institutional account statement from the state correctional system.

In his *pro se* complaint, Plaintiff names the Public Defender's Office of Erie County, Pennsylvania as the sole Defendant to this action. Plaintiff alleges that his constitutional rights were violated by the legal representation he received through the Public Defender's office.[2]

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), Plaintiff has voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment.

[2] To the extent that Plaintiff may be attempting to set forth either a legal malpractice or an ineffective assistance of counsel claim against any individual attorney in the Public Defender's Office, such claims are not proper § 1983 claims. See generally Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (petition for writ of habeas corpus proper for ineffective assistance of counsel claim); Shaw v. Stackhouse, 920 F.2d 1135 (3d Cir. 1990) (§ 1983 is designed to address constitutional deprivations, not torts).

1

*Standards of Review*

**1) The Prison Litigation Reform Act**

On April 23, 1996, the Prison Litigation Reform Act (hereinafter, "Act"), Pub.L.No. 104-134, was enacted to amend 28 U.S.C. §1915, which establishes the criteria for allowing an action to proceed without payment of costs. Section 1915(e) as amended, states in relevant part: "The court shall dismiss the case at any time if the court determines that -- ...(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted..." A claim is frivolous if it: 1) is based upon an indisputably meritless legal theory and/or, 2) contains factual contentions that are clearly baseless. Neitzke v. Williams, 490 U.S. 319, 327 (1989). A plaintiff has failed to allege a § 1983 claim if the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegation." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). This Court has discretion to dismiss frivolous or malicious *in forma pauperis* complaints under 28 U.S.C. § 1915(d). Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989). The U.S. Supreme Court has instructed that § 1915 provides the Court with the authority "... to dismiss a claim based on an indisputably meritless theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327. In fact, the statute not only empowers the court to screen out frivolous cases before the complaint is served, it actually encourages it. Roman v. Jeffes, 904 F.2d 192, 195-96 (3d Cir. 1990).

Evaluating motions to proceed *in forma pauperis* under 28 U.S.C. § 1915 is a two-step process. See id. at 194 n.1. "First, the district court evaluates a litigant's financial status and determines whether (s)he is eligible to proceed *in forma pauperis* under § 1915(a). Second the court assesses the complaint under [§ 1915(e)(2)] to determine whether it is frivolous." Id.

(internal citation omitted).Therefore, only after the district court grants the request to proceed *in forma pauperis* may it dismiss the complaint as legally frivolous. See Jackson v. Brown, 460 Fed. Appx 77, 79 n.2 (3d Cir. 2012*)* ("As a procedural matter, therefore, the District Court should have addressed Jackson's [ *in forma pauperis* ] motion before dismissing the complaint as frivolous, rather than deny the [ *in forma pauperis* ] motion as moot after dismissal."); Spuck v. Fredric, 414 Fed.Appx 358, 359 (3d Cir.2011) ("When a complaint is submitted along with an [ *in forma pauperis* ] application, the complaint is not deemed filed unless and until [ *in forma pauperis* ] status is granted. [ ... ] in that situation, the District Court must first rule on the [*in forma pauperis* ] application and, only if it grants the application, proceed to determine whether the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B).").

### 2) Failure to State a Claim

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) or § 1915A(b)(1) is identical to the legal standard used when ruling on a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of either of these two statutes, a court must grant the plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

In reviewing a *pro se* plaintiff's complaint, the court must accept all factual allegations in the complaint as true and take them in the light most favorable to the *pro se* plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93 (2007); Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir.

2008). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556 (2007). "Factual allegations must be enough to raise a right to relief above a speculative level." Id. at 555. The court need not accept inferences drawn by the plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (internal citation omitted). Nor must the court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) citing Papasan v. Allain, 478 U.S. 265, 286 (1986). Additionally, a civil rights claim "must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple and conclusory statements are insufficient to state a claim under § 1983." Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987).

Finally, a court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519, 520-521 (1972). When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). In a §1983 action, the court must "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (internal quotation omitted). See also Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [*pro se*] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution."). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim.

### *Assessment of Plaintiff's motion for leave to proceed in forma pauperis*

In his motion, Plaintiff states that he is unable to pay the filing fee associated with this case. Based upon this averment, I find that Plaintiff is without sufficient funds to pay the costs and fees of the proceedings, and accordingly, his motion for leave to proceed *in forma pauperis* will be granted.

### *Assessment of Plaintiff's complaint*

Even liberally construing the factual allegations of the complaint, this action will be dismissed as frivolous.

In order to bring suit under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him of his constitutional rights. Private attorneys, including public defenders, acting on behalf of their clients are not state actors, and therefore, cannot be held liable under § 1983. See Polk County v. Dodson, 454 U.S. 312, 325 (1991) (public defender not a state actor "when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); Jordan v. Fox, Rothschild, O'Brien & Frankel, 787 F.Supp. 471, 475 (E.D. Pa. 1992) (attorneys are not state actors by virtue of status as officers of the court).

Plaintiff's allegations do not support a §1983 claim against the Public Defender's Office or any individual attorney working through the Public Defender's Office.[3] Furthermore, the Public

---

[3] "[P]ublic defenders are not immune from § 1983 liability when they conspire with state officials to deprive their client of federal rights." Figueroa v. Clark, 810 F.Supp. 613, 616 (E.D. Pa. 1992); Tower v. Glover, 467 U.S. 914 (1984). Even if Plaintiff's allegations are liberally construed as alleging a conspiracy by the Assistant District Attorneys, the judge, and the Public Defender, his claims fail. As a general matter, § 1983 claims need not be pled with any greater particularity than any other claims (see Fed.R.Civ.P. 8), but conspiracy claims must be pled with sufficient particularity to provide the defendants with fair notice of the claims against them. Loftus v. Southeastern Pa. Transp. Auth., 843 F.Supp. 981, 986 (E.D. Pa. 1994). "When a plaintiff in a § 1983 action attempts to assert the necessary 'state action' by implicating state officials or judges in a conspiracy with private defendants, mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action... The pleadings standard is even stricter where

Defender's Office is not a "person" as defined under § 1983 and thus, cannot be sued under that statute. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).

An appropriate Order follows.

the state officials allegedly involved in the conspiracy are immune from suit, as is the state court judge and prosecutor in the instant case." Hunt v. Bennett, 17 F.3d 1263, 1268 (10th Cir.), cert. denied, 513 U.S. 832 (1994).  As pled, there is nothing in Plaintiff's allegations to factually support a conspiracy claim.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WARREN FAHEY, JR.,** | ) | |
| Plaintiff, | ) | Civil Action No. 14-295 Erie |
| | ) | |
| v. | ) | |
| | ) | |
| **PUBLIC DEFENDER'S OFFICE OF** | ) | |
| **ERIE COUNTY, PENNSYLVANIA,** | ) | Magistrate Judge Baxter |
| Defendant. | ) | |

**O R D E R**

AND NOW, this 13th day of January, 2015;

IT IS HEREBY ORDERED that the motion for leave to proceed in forma pauperis [ECF No. 1] is GRANTED.

IT IS FURTHER ORDERED that this action be dismissed as legally frivolous in accordance with 28 U.S.C. § 1915(e). The Clerk of Courts is hereby directed to close this case.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge